IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| EMMANUEL C. GONZALEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Case No. 2:14-cv-0907 |
| | § | |
| NEW LIFE VENTURES, INC., | § | JURY DEMAND |
| | § | |
| Defendant. | § | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Emmanuel C. Gonzalez respectfully brings this action under the patent laws of the United States against Defendant New Life Ventures, Inc. ("Defendant" or "New Life").

Plaintiff Emmanuel C. Gonzalez alleges as follows:

## PARTIES AND JURISDICTION

1. Plaintiff Emmanuel C. Gonzalez is an individual resident and citizen of Cebu, Philippines, with secondary residences in Makati City, Philippines and British Columbia, Canada.

2. Upon information and belief, Defendant New Life Ventures is a Florida Corporation, maintaining a principal place of business at 12955 Biscayne Blvd., Suite 402, North Miami, Florida 33181. Defendant may be served with process through its registered agent, Jonathan Homewood, at 12955 Biscayne Blvd., Suite 402, North Miami, Florida 33181.

3. This Complaint and the matters and claims set forth herein arise under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.,* including specifically at least 35 U.S.C. §§ 271, 281, 283, 284, and 285.

4. This Court has jurisdiction over the claims made in this Complaint under the Patent Laws as set forth in Title 35 of the United States Code and under Title 28 of the United States Code §§ 1331, 1332(a)(2), and 1338(a).

5. This Court has personal jurisdiction over the Defendant, as Defendant has committed, and continues to commit, acts of direct patent infringement in the State of Texas and within this District, to the injury of Plaintiff Emmanuel C. Gonzalez.  Further, this Court has personal jurisdiction over the Defendant because Defendant has and continues to conduct business in the State of Texas, and/or has engaged in continuous, intentional, and systematic commercial activities in the State of Texas.  The Defendant's infringing activities are conducted via Defendant's website at www.sugardaddie.com and its associated and/or linked websites (collectively the "Accused Website"), which is readily and openly available to consumers in this district; on information and belief, the Defendant has knowingly and intentionally transacted substantial business with residents of the State of Texas and of this district.  The Defendant has sufficient minimum contacts with this forum as a result of its aforementioned business activities.

6. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c), and 28 U.S.C. § 1400(b).

## THE GONZALEZ PATENTS

7. On October 4, 2000, a Provisional Patent Application [Ser. No. 60/238,303] was filed on behalf of the Plaintiff and sole inventor, Emmanuel C. Gonzalez.  Thereafter, a Non-Provisional Application [Ser. No. 09/791,440] on the invention and claiming the benefit of priority from the '303 Provisional Patent Application was timely filed on February 22, 2001, from which ultimately (via Divisional Application [Ser. No. 10/849,075]) issued **United States Patent No. 7,558,807** ("the '807 Patent").  The '807 Patent, entitled "Host Website for Digitally

Labeled Websites and Method," issued on July 7, 2009 after a full and fair examination by the United States Patent and Trademark Office, and is presumed to be valid and enforceable under 28 U.S.C. § 282(a).  A copy of the '807 Patent is attached hereto as Exhibit A.

8.      The aforementioned '440 Non-Provisional Patent Application ultimately issued as **United States Patent No. 7,647,339** ("the '339 Patent") on January 12, 2010.  The '339 Patent, entitled "Method for Digitally Labeling Websites," issued after a full and fair examination by the United States Patent and Trademark Office, and is presumed to be valid and enforceable under 28 U.S.C. § 282(a).  A copy of the '339 Patent is attached hereto as Exhibit B.

9.      On November 23, 2009, Continuation-In-Part Application [Ser. No. 12/624,350] of the aforementioned '440 Application was filed.  The '350 Application ultimately issued as **United States Patent No. 7,873,665** ("the '665 Patent") on January 18, 2011.  The '665 Patent, entitled "Method for Digitally Labeling Websites," issued after a full and fair examination by the United States Patent and Trademark Office, and is presumed to be valid and enforceable under 28 U.S.C. § 282(a).  A copy of the '665 Patent is attached hereto as Exhibit C.

10.     On December 10, 2010, Application [Ser. No. 12/965,720], which is a Divisional of the aforementioned '350 Application and a Continuation-In-Part of the aforementioned '440 Application, was filed.  The '720 Application ultimately issued as **United States Patent No. 8,065,333** ("the '333 Patent") on November 22, 2011.  The '333 Patent, entitled "Method for Digitally Labelling Websites," issued after a full and fair examination by the United States Patent and Trademark Office, and is presumed to be valid and enforceable under 28 U.S.C. § 282(a).  A copy of the '333 Patent is attached hereto as Exhibit D.

11.     Also on December 10, 2010, Application [Ser. No. 12/965,737], which is a Divisional of the aforementioned '350 Application and a Continuation-In-Part of the

aforementioned '440 Application, was filed. The '737 Application ultimately issued as **United States Patent No. 8,296,325** ("the '325 Patent) on October 23, 2012.  The '325 Patent, entitled "Method for Digitally Labelling Websites," issued after a full and fair examination by the United States Patent and Trademark Office, and is presumed to be valid and enforceable under 28 U.S.C. § 282(a).  A copy of the '325 Patent is attached hereto as Exhibit E.

12. Emmanuel C. Gonzalez is the sole inventor and original owner of the subject matter of each of the '807, '339, '665, '333, and '325 Patents (the "Gonzalez Patents").  The Gonzalez Patents have never been assigned, sold, conveyed, or exclusively licensed to any third party.  Emmanuel C. Gonzalez is the sole and original owner of all rights in and to the Gonzalez Patents, including but not limited to the sole and exclusive rights to grant licenses, to exclude others from practicing the claimed inventions in the United States, and to file lawsuits and seek damages for infringement of the Gonzalez Patents.

13. All maintenance fees for the Gonzalez Patents have been timely paid.

## INFRINGEMENT OF
## UNITED STATES PATENT NO. 7,558,807

14. As set forth fully in Exhibit A, the '807 Patent discloses and claims, generally, methods and systems for compiling searchable digitally labeled subscriber databases in which each such label represents a given specific quality.  As recited in claim 3 of the '807 Patent, the invention relates in one respect to a method for listing Internet content comprising the steps of: (i) configuring a computer system to compile a digital label database for providing to a listing subscriber digital labels representing different specific qualities and to compile a subscriber database for storing a listing of subscribers' digital labels; (ii) configuring the computer system to respond to a subscriber's request for listing; guiding the subscriber via a website display to enter information pertaining to the subscriber; and (iii) converting the information to digital

labels by accessing the digital label database and storing subscriber digital labels in Host Website databases.

15.     Defendant has directly and/or indirectly infringed and continues to directly and/or indirectly infringe one or more claims of the '807 Patent, including but not limited to claims 3, in this judicial district or otherwise within the United States by making, using, selling and/or offering for sale, without authority from Emmanuel C. Gonzalez, at least the following: source code, hardware, and/or software operating together to provide the interface, functionality, and databases comprising the Accused Websites.  More particularly, each of the Accused Websites operate on a networked computer system, including but not limited to web servers located in or near Fort Lauderdale, Florida.  On information and belief, each of the Accused Websites provide subscribers with an interface by which each individual subscriber or subscriber can create a listing containing specific qualities attributable to the subscriber.  Each such quality is converted into a digital label and stored in a searchable database.

16.     The creation and management of digital label database(s) is core to the functionality and appeal of each Accused Website and, as such, attributes substantially to the overall sustainability, appeal, and value of each Accused Website.

**INFRINGEMENT OF**
**UNITED STATES PATENT NO. 7,647,339**

17.     As set forth fully in Exhibit B, the '339 Patent discloses and claims, generally, methods for creating and encoding data about a website, and compiling such data in a searchable database.  As recited in claim 1 of the '339 Patent, the invention relates in one respect to a method for labeling Internet websites comprising the steps of: (i) creating and encoding data about the searchable content of a website by a creator of the website, according to a universally-agreed convention, so as to produce a plurality of labels for each website, with each label

5

representing a particular item of said data, and the incorporation of these labels in a file resident on the website; (ii) copying and storing the labels on a search engine's own computer; and (iii) providing public access to the search engine's computer through the Internet for purposes of facilitating searches based on the labels, by the general public, for stored websites.

18. Defendant has directly and/or indirectly infringed and continues to directly and/or indirectly infringe one or more claims of the '339 Patent, including but not limited to claim 1, in this judicial district or otherwise within the United States by making, using, selling and/or offering for sale, without authority from Emmanuel C. Gonzalez, at least the following: source code, hardware, and/or software operating together to provide the interface, functionality, and databases comprising the Accused Websites.  More particularly, each of the Accused Websites operate on a networked computer system, including but not limited to web servers located in or near Fort Lauderdale, Florida.  On information and belief, the Accused Websites encode data about individual subscribers (websites) in the form of labels, and provides search functionality based upon those labels.

19. The creation and management of digital label database(s) is core to the functionality and appeal of each Accused Website and, as such, attributes substantially to the overall sustainability, appeal, and value of each Accused Website.

### INFRINGEMENT OF UNITED STATES PATENT NO. 7,873,665

20. As set forth fully in Exhibit C, the '665 Patent discloses and claims, generally, methods for gathering data relating to online content from the owner of the content, and creating and storing digital labels for such data in a searchable database.  As recited in claim 55 of the '665 Patent, the invention relates in one respect to a method for multi-parameter digital labeling of Internet content comprising the steps of: (i) gathering unambiguous, multi-parameter

qualitative data concerning the content and the contents' owner or creator; (ii) sourcing, from the owner or creator of the content, each item of qualitative data; (iii) producing a plurality of digital labels for each element of the content, wherein each digital label represents and comprises a unique reference to a specific item of qualitative information, and further comprises encoding of qualitative data in digital form; (iv) storing the digital labels on a computer or network; (v) manipulation of digital labels by generating content that matches parameters stipulated by an entity conducting a search; and (vi) making available the effective use of these multi-parameter digital labels and the means for their manipulation, to the general public through the Internet.

21.     Defendant has directly and/or indirectly infringed and continues to directly and/or indirectly infringe one or more claims of the '665 Patent, including but not limited to claims 1 and 55, in this judicial district or otherwise within the United States by making, using, selling and/or offering for sale, without authority from Emmanuel C. Gonzalez, at least the following: source code, hardware, and/or software operating together to provide the interface, functionality, and databases comprising the Accused Websites.  More particularly, the Accused Websites each operate on a networked computer system, including but not limited to web servers located in or near Fort Lauderdale, Florida.  On information and belief, each Accused Website gathers data relating to online content from the owner of the content, including but not limited to individual subscribers, and creates and stores digital labels for such data in a searchable database

22.     The creation and management of digital label database(s) is core to the functionality and appeal of each Accused Website and, as such, attributes substantially to the overall sustainability, appeal, and value of each Accused Website.

## INFRINGEMENT OF
## UNITED STATES PATENT NO. 8,065,333

23.     As set forth fully in Exhibit D, the '333 Patent discloses and claims, generally,

methods for creating and encoding data about a website, and compiling such data in a searchable database.  As recited in claim 1 of the '333 Patent, the invention relates in one respect to a method for labeling online records comprising the steps of: (i) creating and encoding data on the searchable content of a records according to an agreed convention, so as to produce a plurality of labels for each record, with each label representing a particular item of data; (ii) incorporating the created labels in a file resident on the record; (iii) copying and storing the labels on a search engine's own computer; (iv) providing the right of access to the search engine's or Host Website's computer through the Internet for purposes of editing the records; and (v) facilitating searches and record retrievals based on the labels, by a plurality of authorized parties each with defined and limited scope or nature of access, for said websites or records.

24. Defendant has directly and/or indirectly infringed and continues to directly and/or indirectly infringe one or more claims of the '333 Patent, including but not limited to claim 1, in this judicial district or otherwise within the United States by making, using, selling and/or offering for sale, without authority from Emmanuel C. Gonzalez, at least the following: source code, hardware, and/or software operating together to provide the interface, functionality, and databases comprising the Accused Websites.  More particularly, each of the Accused Websites operate on a networked computer system, including but not limited to web servers located in or near Fort Lauderdale, Florida.  On information and belief, the Accused Websites encodes data about individual subscribers (records) in the form of labels, and provides search and edit functionality for those labels.

25. The creation and management of digital label database(s) is core to the functionality and appeal of each Accused Website and, as such, attributes substantially to the overall sustainability, appeal, and value of each Accused Website.

## INFRINGEMENT OF
## UNITED STATES PATENT NO. 8,296,325

26. As set forth fully in Exhibit E, the '325 Patent discloses and claims, generally, methods for creating and encoding personal preference digital labels, and using such labels to limit the scope of searches and availability of data. As recited in claim 7 of the '325 Patent, the invention relates in one respect to a method for labeling websites comprising the steps of: (i) encoding personal preference digital labels wherein the said digital labels denote the nature of the content of a website, and are encoded within or on the same computer system as the website or internet posting; (ii) conforming the encoding to a convention promulgated by an internet search engine or internet browser program or service; (iii) at least one of scanning, reading and recording the labels referent to a website by the internet search engine or internet browser program; (iv) at least one of including and excluding a website or internet posting from search results; and (v) at least one of allowing and disallowing that website or internet posting to be accessed or to be displayed.

27. Defendant has directly and/or indirectly infringed and continues to directly and/or indirectly infringe one or more claims of the '325 Patent, including but not limited to claim 7, in this judicial district or otherwise within the United States by making, using, selling and/or offering for sale, without authority from Emmanuel C. Gonzalez, at least the following: source code, hardware, and/or software operating together to provide the interface, functionality, and databases comprising the Accused Websites. More particularly, each of the Accused Websites operate on a networked computer system, including but not limited to web servers located in or near Fort Lauderdale, Florida. On information and belief, the Accused Websites encodes personal preference labels and limits accessibility of information based upon such labels.

28. The creation and management of personal preference labels is core to the functionality and appeal of each Accused Website and, as such, attributes substantially to the overall sustainability, appeal, and value of each Accused Website.

## WILLFULNESS

29. Prior to the filing of the instant lawsuit for infringement, Plaintiff communicated directly with Defendant concerning the Gonzalez Patents. Defendant therefore had actual knowledge of the Gonzalez Patents not later than August 6, 2014.

30. Notwithstanding Defendant's knowledge of the Gonzalez Patents, Defendant elected to continue to provide the Accused Websites and thereby willfully infringe upon the patent rights of Plaintiff.

## JURY DEMAND

31. Emmanuel C. Gonzalez demands a trial by jury on all issues.

## CONCLUSION AND PRAYER FOR RELIEF

32. Emmanuel C. Gonzalez is in compliance with 35 U.S.C. § 287.

33. Since becoming aware of the Gonzalez Patents, and to the extent Defendant thereafter has maintained or otherwise maintains the operations and activities complained of herein, Defendant has been, or will be in the future, willfully infringing upon the claims of the Gonzalez Patents.

34. To the extent any of the activities complained of herein do not literally infringe upon one or more asserted claims of the Gonzalez Patents, such limitations are present in the Accused Websites under the Doctrine of Equivalents.

35. Defendant's actions as complained of herein have caused, and continue to cause, injury and monetary damages to Emmanuel C. Gonzalez. As such, Emmanuel C. Gonzalez is

entitled to recover damages adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty.

WHEREFORE, Plaintiff Emmanuel C. Gonzalez prays for entry of Judgment in his favor and against Defendant as follows:

A. Enter Judgment in favor of Plaintiff Emmanuel C. Gonzalez as to all causes of action and demands for damages asserted herein;

B. Enter Judgment of infringement on the part of Defendant of one or more claims of the asserted Gonzalez Patents;

C. Enter Judgment that Defendant shall compensate Plaintiff Emmanuel C. Gonzalez in the form of money damages of no less than a reasonable royalty for the infringement of the asserted Gonzalez Patents;

D. Enter Judgment awarding Plaintiff Emmanuel C. Gonzalez pre- and post-judgment interest on all such damages;

E. Enter Judgment declaring this case to be exceptional under 35 U.S.C. § 285, and award attorney's fees to Plaintiff Emmanuel C. Gonzalez to be paid by Defendant; and

F. Enter Judgment awarding costs and such other relief to the benefit of Plaintiff Emmanuel C. Gonzalez as the Court may deem just and proper.

//

| | |
|---|---|
| Dated:  September 23, 2014 | Respectfully submitted, |
| |   /s/   M. Scott Fuller |

                                        M. Scott Fuller
                                           Texas Bar No. 24036607
                                           sfuller@lockelord.com
                                        Paul D. Lein
                                           Texas Bar No. 24070133
                                           plein@lockelord.com
                                        Darrian L. Campbell
                                           Texas Bar No. 24087250
                                           dcampbell@lockelord.com
                                      **LOCKE LORD LLP**
                                      2200 Ross Avenue, Suite 2200
                                      Dallas, Texas  75201-6776
                                      Telephone:  (214) 740-8000
                                      Facsimile:  (214) 740-8800

                                      **ATTORNEYS FOR PLAINTIFF**
                                      **EMMANUEL C. GONZALEZ**