# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| EMMANUEL C. GONZALEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | NO. 2:14-cv-00907-JRG-RSP |
| | § | |
| NEW LIFE VENTURES, INC., | § | JURY DEMAND |
| | § | |
| Defendant. | § | |

## ANSWER TO COMPLAINT

Defendant New Life Ventures, Inc. ("NLV"), by and through its undersigned counsel, answers Plaintiff Emmanuel C. Gonzalez's Original Complaint for Patent Infringement. Unless as is specifically admitted below, NLV denies each and every allegation set forth in the Original Complaint.

## PARTIES AND JURISDICTION

1. NLV admits that plaintiff claims to be a resident and citizen of the Philippines and that plaintiff claims to have secondary residences in Makati City, Philippines and British Columbia, Canada.

2. NLV admits its place of incorporation is Florida and that it has designated Jonathan Homewood, 12955 Biscayne Blvd., Suite 402, North Miami, Florida 33181 as its agent for service of process in Florida.

3. NLV admits this Court has subject matter jurisdiction over this action because this action arises under the patent laws of the United States. NLV denies any remaining allegations of paragraph 3.

4. NLV admits this Court has subject matter jurisdiction over this action because this action arises under the patent laws of the United States.

5. NLV does not contest personal jurisdiction in this District for this particular case, but denies any remaining allegations of paragraph 5.

6. Although the Eastern District of Texas is not the most convenient or appropriate forum for this action, NLV does not contend that venue in this District is improper.

## THE GONZALEZ PATENTS

7. NLV admits that U.S. Patent 7,558,807 ("the '807 patent") is entitled "Host Website for Digitally Labeled Website and Method." NLV admits that the '339 patent, on its face, indicates that it was issued on July 7, 2009 from application no. 10/849,075. N L V admits that a section of the patent entitled "Related Applications" states as follows: "This application claims priority to application Ser. No. 09/791,440 filed Feb. 22, 2001, which claims priority to Provisional Application Ser. No. 60/238,303 filed Oct. 4, 2000." NLV admits that a copy of what purports to be the '807 patent is attached to the Complaint as Exhibit A. NLV lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 7, and on that basis denies those allegations.

8. NLV admits that U.S. Patent 7,647, 339 ("the '339 patent") is entitled "Method for Digitally Labeling Websites." NLV admits that the '339 patent, on its face, indicates that it was issued on January 12, 2010 from application number 09/791, 440. NLV admits that a copy of what purports to be the '339 patent is attached to the Complaint as Exhibit B. NLV lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 8, and on that basis denies those allegations.

9. NLV admits that U.S. Patent 7,873,665 ("the '665 patent") is entitled "Method for Digitally Labeling Websites." NLV admits that the '665 patent, on its face, indicates that it

was issued on January 18, 2011 from application number 12/624,350.  NLV admits that the '665 patent, on its face, claims the application is a continuation in part of application number 09/791,440.  NLV admits that a copy of what purports to be the '665 patent is attached to the Complaint as Exhibit C.  NLV lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 9, and on that basis denies those allegations.

      10.     NLV admits that U.S. Patent 8,065,333 ("the '333 patent") is entitled "Method for Digitally Labeling Websites."  NLV admits that the '333 patent, on its face, indicates that it was issued on November 22, 2011 from application number 12/965,720.  NLV admits that the '333 patent, on its face, claims the application is a divisional of application number 12/624,350, which claims to be a continuation-in-part of application number 09/791,440.  NLV admits that a copy of what purports to be the '333 patent is attached to the Complaint as Exhibit D.  NLV lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 10, and on that basis denies those allegations.

      11.     NLV admits that U.S. Patent 8,296,325 ("the '325 patent") is entitled "Method for Digitally Labeling Websites."  NLV admits that the '325 patent, on its face, indicates that it was issued on October 23, 2012 from application number 12/965,737.  NLV admits that the '325 patent, on its face, claims the application is a division of application number 12/624,350, which claims to be a continuation-in-part of application number 09/791,440.  NLV admits that a copy of what purports to be the '325 patent is attached to the Complaint as Exhibit E.  NLV lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 11, and on that basis denies those allegations.

      12.     NLV admits that the '807, the '339, the '665, the '333, and the '325 patents, on their face, claim that plaintiff is the sole inventor and original owner.  NLV lacks sufficient

information or knowledge to admit or deny the remaining allegations in paragraph 12, and on that basis denies those allegations.

13. Admitted.

## INFRINGEMENT OF
## UNITED STATES PATENT NO. 7,558,807

14. NLV admits that claim 3 of the '807 patent generally relates the steps identified in paragraph 14. NLV denies any remaining allegations in paragraph 14.

15. NLV admits that it operates a website, including from a server in Ft. Lauderdale, FL, and that it has vendors and customers. NLV denies the remaining allegations in paragraph 15.

18. Denied.

## INFRINGEMENT OF
## UNITED STATES PATENT NO. 7,647,339

17. NLV admits that claim 1 of the '339 patent generally relates the steps identified in paragraph 17 of the complaint. NLV denies any remaining allegations in paragraph 17.

18. NLV admits that it operates a website, including from a server in Ft. Lauderdale, FL, and that it has vendors and customers. NLV denies the remaining allegations in paragraph 18.

19. Denied.

## INFRINGEMENT OF
## UNITED STATES PATENT NO. 7,873,665

20. NLV admits that claim 55 of the '665 patent generally relates the steps identified in paragraph 20 of the complaint. NLV denies any remaining allegations in paragraph 20.

21. NLV admits that it operates a website, including from a server in Ft. Lauderdale, FL, and that it has vendors and customers. NLV denies the remaining allegations in paragraph 21.

22. Denied.

## INFRINGEMENT OF
## UNITED STATES PATENT NO. 8,065,333

23. NLV admits that claim 1 of the '333 patent generally relates the steps identified in paragraph 23 of the complaint. NLV denies any remaining allegations in paragraph 23.

24. NLV admits that it operates a website, including from a server in Ft. Lauderdale, FL, and that it has vendors and customers. NLV denies the remaining allegations in paragraph 24.

25. Denied.

## INFRINGEMENT OF
## UNITED STATES PATENT NO. 8,296,325

26. NLV admits that claim 1 of the '325 patent generally relates the steps identified in paragraph 26 of the complaint. NLV denies any remaining allegations in paragraph 26.

27. NLV admits that it operates a website, including from a server in Ft. Lauderdale, FL, and that it has vendors and customers. NLV denies the remaining allegations in paragraph 27.

28. Denied.

## WILLFULNESS

29. Admitted that communication between Plaintiff and NLV occurred.

30. Denied as to any willful or other infringement against patent rights of Plaintiff.

## JURY DEMAND

31. NLV admits that plaintiff demands a jury trial on all issues.

## PRAYER FOR RELIEF

32. NLV denies all allegations in plaintiff's prayer for relief and denies that plaintiff is entitled to any relief.

33. NLV denies any factual allegations not specifically admitted or denied above.

## NLV'S AFFIRMATIVE DEFENSES

NLV asserts the following affirmative and other defenses in response to the allegations of the original complaint. NLV reserves the right to supplement and amend its defenses and to assert additional defenses as this action proceeds.

### FIRST AFFIRMATIVE DEFENSE
### NON-INFRINGEMENT

1. Although NLV does not bear the burden of proof on this issue, NLV has not directly or indirectly infringed any valid and enforceable claim of the Asserted Patents.

2. NLV also reserves its right to supplement or amend its defense related to non-infringement because plaintiff has failed to identify a direct infringer and to assert knowledge of the patents in reference to its indirect infringement claims.

### SECOND AFFIRMATIVE DEFENSE
### INVALIDITY

3. All asserted claims of the Asserted Patents are invalid for failure to meet one or more of the requirements set forth in Title 35 of the United States Code, including Sections 101, 102, 103, and/or 112, or are invalid pursuant to the judicial doctrine barring double-patenting.

### THIRD AFFIRMATIVE DEFENSE
### PROSECUTION HISTORY ESTOPPEL

4. Plaintiff is estopped from asserting that one or more claims of the Asserted Patents are infringed by NLV based on statements, representations, and/or amendments made to and/or before the United States Patent and Trademark Office during the prosecution of the applications for the Asserted Patents.

## COUNTERCLAIMS

NLV counterclaims for declaratory judgment against Plaintiff Emmanuel C. Gonzalez as follows:

## THE PARTIES

1. NLV is a Florida corporation with its principal place of business at 12955 Biscayne Blvd., Suite 402, North Miami, Florida 33181.

2. According to paragraph 1 of the Complaint, Mr. Gonzalez is an individual and resident of Cebu, Philippines, with secondary residences in Makati City, Philippines and British Columbia, Canada.

## JURISDICTION AND VENUE

3. These Counterclaims arise under Title 35 of the United States code. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202, and under 35 U.S.C., et seq.

4. Mr. Gonzalez has submitted to personal jurisdiction in this District by virtue of filing his lawsuit claiming patent infringement.

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## COUNT ONE
### (Declaration of Non-Infringement)

6. NLV incorporates and realleges the allegations of paragraphs 1-5 of these Counterclaims.

7. Mr. Gonzalez alleges that he is the sole inventor and original owner of the '807, the '339, the '665, the '333, and the '325 patents. Mr. Gonzalez has brought suit against NLV for infringement of the '807, the '339, the '665, the '333, and the '325 patents.

8. NLV has not infringed and is not infringing, directly or indirectly, any valid claim of the '807, the '339, the '665, the '333, and the '325 patents.

9. An actual case and controversy exists between NLV and Mr. Gonzalez based on Mr. Gonzalez having filed a complaint alleging infringement of the '807, the '339, the '665, the '333, and the '325 patents, and that controversy is ripe for adjudication by this Court.

10. To resolve the legal and factual questions raised by Mr. Gonzalez's complaint and to afford relief from the uncertainty and controversy that Mr. Gonzalez's accusations have precipitated, NLV is entitled to a declaratory judgment that it does not infringe, and has not infringed, any valid claim of the '807, the '339, the '665, the '333, and the '325 patents.

## COUNT TWO
### (Declaration of Invalidity)

11. NLV incorporates and realleges the allegations of paragraphs 1-5 of the Counterclaims.

12. Mr. Gonzalez alleges that he is the sole inventor and original owner of the '807, the '339, the '665, the '333, and the '325 patents. Mr. Gonzalez has brought suit against NLV for infringement of the '807, the '339, the '665, the '333, and the '325 patents.

13. The claims of the '807, the '339, the '665, the '333, and the '325 patents are invalid under one or more sections of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103 and/or 112, or are invalid pursuant to the judicial doctrine barring double-patenting.

14. An actual case and controversy exists between NLV and Mr. Gonzalez based on Mr. Gonzalez having filed a complaint alleging infringement of the '807, the '339, the '665, the '333, and the '325 patents, and that controversy is ripe for adjudication by this Court.

15. To resolve the legal and factual questions raised by Mr. Gonzalez's complaint and to afford relief from the uncertainty and controversy that Mr. Gonzalez's accusations have precipitated, NLV is entitled to a declaratory judgment that the claims of the '807, the '339, the '665, the '333, and the '325 patents are invalid.

## NLV'S REQUEST FOR RELIEF

NLV respectfully requests that the Court:

    a.    Enter judgment in NLV's favor on each and every count of NLV's Counterclaims and dismiss the Complaint with prejudice;

    b.    Enter an order awarding NLV its costs, disbursements, and reasonable attorney's fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law;

    c.    Enter a declaratory judgment that the '807, the '339, the '665, the '333, and the '325 patents have not been infringed by NLV;

    d.    Enter a declaratory judgment that the '807, the '339, the '665, the '333, and the '325 patents are invalid; and

    e.    Grant such further relief to NLV as is just and proper.

## JURY DEMAND

NLV requests a trial by jury on all issues so triable.

Dated: November 14, 2014

Respectfully submitted,
Lawrence A. Caplan,
*s/Lawrence A. Caplan/*
Florida Bar No. 400531;
LAWRENCE A. CAPLAN, P.A.
1375 Gateway Blvd., Suite 100
Boynton Beach, FL 33426
(561) 988.6009/ Fax (561) 880.6958
lacaplanlaw@bellsouth.net

Michael C. Smith
*s/Michael C. Smith/*
Texas Bar No. 18650410
Siebman Berg Phillips & Smith
113 E. Austin Street
Marshall, TX 75670

ATTORNEYS FOR DEFENDANT
NEW LIFE VENTURES, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served on the following via email:

M. Scott Fuller
sfuller@lockelord.com
Noel F. Chakkalakal
nchakkalakal@lockelord.com
Paul D. Lein
plein@lockelord.com
Darrian L. Campbell
dcampbell@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
Telephone: (214) 740-8000
Facsimile: (214) 740-8800

Dated this 14th day of November 2014.

                                                                          /s/ *Lawrence Caplan*
                                                                          Lawrence Caplan