IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| EMMANUEL C. GONZALEZ, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 2:14-cv-907-JRG-RSP |
| § | |
| NEW LIFE VENTURES, INC., § | |
| § | |
| § | |
| Defendant. § | |

## MEMORANDUM ORDER

Pending Before the Court is Defendant New Life Ventures, Inc.'s (New Life) Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a). (Dkt. No. 16.)[1] New Life contends that this case should be transferred to the United States District Court for the Southern District of Florida. Plaintiff Emmanuel Gonzalez opposes transfer. (Dkt. No. 89.) The Court has considered the evidence and weighed the factors. The Court finds that NLV has not shown that transfer is warranted.

## BACKGROUND

Gonzalez accuses the website sugardaddie.com (the Accused Website) of infringing five patents for which he is the named inventor. (*See* Dkt. No. 16 at 2 ("Gonzalez accuses [New Life] of infringing five patents . . . all generally related to digitally labelling websites.").) Gonzalez lives in Cebu, Philippines, Makati City, Philippines, or British Columbia, Canada. (Dkt. No. 16 at 2; Dkt. No. 60-6 at 11.) New Life designs and operates the Accused Website from North Miami, Florida. (Dkt. No. 16 at 1.)

---

[1] All citations to "Dkt. No. 16" are to docket number 16 in *Gonzalez v. New Life Ventures*, 2:14-cv-907-JRG-RSP. All citations to other docket numbers are to docket numbers in *Gonzalez v. New Life Ventures*, 2:14-cv-906-JRG-RSP.

## APPLICABLE LAW

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The first inquiry when analyzing a case's eligibility for § 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*In re Volkswagen I*").

Once that threshold is met, courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case. *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963); *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2009).

The private factors are: 1) the relative ease of access to sources of proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen I*, 371 F.3d at 203; *In re Nintendo*, 589 F.3d at 1198; *In re TS Tech*, 551 F.3d at 1319.

The public factors are: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *In re Volkswagen I*, 371 F.3d at 203; *In re Nintendo*, 589 F.3d at 1198; *In re TS Tech*, 551 F.3d at 1319.

The plaintiff's choice of venue is not a factor in this analysis. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314-15 (5th Cir. 2008) ("*In re Volkswagen II*"). Rather, the plaintiff's choice of venue contributes to the defendant's burden of proving that the transferee venue is "clearly more convenient" than the transferor venue. *In re Volkswagen II*, 545 F.3d at 315; *In re Nintendo*, 589 F.3d at 1200; *In re TS Tech*, 551 F.3d at 1319. Although the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *In re Volkswagen II*, 545 F.3d at 314-15.

Timely motions to transfer venue should be "should [be given] a top priority in the handling of [a case]," and "are to be decided based on 'the situation which existed when suit was instituted.'" *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003); *In re EMC Corp.*, Dkt. No. 2013-M142, 2013 WL 324154 (Fed. Cir. Jan. 29, 2013) (quoting *Hoffman v. Blaski*, 363 U.S. 335, 443 (1960)).

**A.     Proper Venue**

The parties do not dispute that venue is proper in both the Eastern District of Texas and the Southern District of Florida.

**B.     Private Interest Factors**

    **1.     Relative Ease of Access to Sources of Proof**

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (citation omitted).

New Life asserts that the proof in this case is more accessible from the Southern District of Florida. It states that "all documentary evidence about how the Accused Website operates

. . . is in the Southern District of Florida." (Dkt. No. 16 at 5.) It further states that the Accused Website was developed in the Southern District of Florida and that all of the design, marketing, sales, finance, and technical documents in the possession of New Life are maintained in the Southern District of Florida. (Dkt. No. 16 at 5; Dkt. No. 16-1 ¶4 ("[New Life] creates and keeps its records in its Florida office, including any technical documents and all marketing and advertising material. The Florida office is also where NLV makes all design, marketing, sales, and financial decisions.").)

Gonzalez, in contrast, claims that "[t]here are [] a number of additional third parties . . . from whom discovery will likely be pursued in this case." (Dkt. No. 89 at 5.) For example, Gonzalez states that the attorneys who prosecuted the Asserted Patents are in Colorado and California. (Dkt. No. 89 at 5.) He also states that New Life has adopted another defendant's invalidity contentions which identify witnesses in Washington, California, and Ohio. (*See* Dkt. No. 89 at 5; Dkt. No. 89-6 at 9.)

The parties do not dispute that New Life's sources of proof are in Miami. Furthermore, the parties do not dispute that the third-party sources of proof are primarily in Seattle and San Francisco. New Life's sources or proof are more accessible from the Southern District of Florida. However, most third-party sources of proof are at least as accessible from the Eastern District of Texas as from the Southern District of Florida. (*See* Dkt. No. 89 at 5 ("[T]he Eastern District of Texas is plainly more convenient from Denver, Colorado and Atherton, California than the Southern District of Florida.")); Dkt. No. 89 at 7 ("[W]ith respect to the cited prior art located in Seattle, Marshall is more convenient than Miami.").) The Court finds that this factor weighs in favor of transfer but not heavily.

### 2. Cost of Attendance for Willing Witnesses

New Life states that the parties have identified only two relevant New Life witnesses: Steven Pasternack and Jonathan Homewood. (Dkt. No. 16 at 6.) It further states that Mr. Pasternack and Mr. Homewood live in the Southern District of Florida. (Dkt. No. 16 at 6.) New Life asserts, for this reason, "transfer to the Southern District of Florida will greatly reduce cost and enhance convenience for these witnesses." (Dkt. No. 16 at 6.) New Life further asserts that the Eastern District of Texas and the Southern District of Florida are equally convenient for Gonzalez because he lives in the Philippines or Canada. (Dkt. No. 16 at 6.)

Gonzalez responds by stating that "almost all known third parties to this litigation are located closer to Marshall than to Miami, and the cost for such witnesses to attend trial in Marshall is less than the cost of attendance in Miami." (Dkt. No. 89 at 7.) Gonzalez contends, "[f]or example, with respect to the cited prior art located in Seattle, Marshall is more convenient than Miami." (Dkt. No. 89 at 7.)

"The convenience of the witnesses is probably the single most important factor in a transfer analysis." *In re Genentech*, 566 F.3d at 1342. While the Court must consider the convenience of both the party and non-party witnesses, it is the convenience of non-party witnesses that is the more important factor and is accorded greater weight in a transfer of venue analysis. *Aquatic Amusement Assoc., Ltd. v. Walt Disney World Co.*, 734 F. Supp. 54, 57 (N.D.N.Y. 1990); *see also* 15 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3851 (3d ed. 2012).

"A district court should assess the relevance and materiality of the information the witness may provide." *In re Genentech*, 566 at 1343. However, there is no requirement that the

movant identify "key witnesses," or show "that the potential witness has more than relevant and material information . . . ." *Id.* at 1343-44.

The parties do not dispute that Mr. Pasternack and Mr. Homewood live in Miami. Furthermore, the parties do not dispute that the third-party witnesses are principally located in Seattle, San Francisco, and Denver. While New Life has shown that Mr. Pasternack and Mr. Homewood would find trial in the Southern District of Florida more convenient, it also declares that they would not be incovenienced by trial in California. (*See* Dkt. No. 16-1 ¶5.) New Life, however, has not shown that the third-party witnesses would find trial in the Southern District of Florida more convenient. For example, New Life has not presented facts which refute Gonzalez's claim that the third-party witnesses in Seattle would find a trial in the Eastern District of Texas more convenient than a trial in the Southern District of Florida. (Dkt. No. 89-1 ¶6; Dkt. No. 89-7 at 2-3; Dkt. No. 95 at 3.) Accordingly, the Court finds that this factor does not favor transfer.

      **3.**      **Availability of Compulsory Process to Secure the Attendance of Witnesses**

Rule 45 provides that this Court may command a person who "resides, is employed, or regularly transacts business in person" in Texas to attend trial in Marshall if that person "would not incur substantial expense." Fed. R. Civ. P. 45(c)(1)(B). This Court also may command a person to attend a deposition "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45 (a)(2); *see* Fed. R. Civ. P. 45 (c)(1)(A) & (d)(3)(a). Party witnesses often do not require compulsory process, therefore, the Court's analysis of this factor focuses on third-party witnesses for whom compulsory process to attend trial might be necessary.

The parties both state that this factor is neutral as to transfer. (Dkt. No. 16 at 6; Dkt. No. 89 at 6.) The Court agrees and finds that this factor is neutral.

### 4. All Other Practical Problems that Make Trial of a Case Easy, Expeditious, and Inexpensive

New Life returned Gonzalez's summons on October 30, 2014. New Life filed this motion to transfer on May 18, 2015, seven-and-a-half months later. (Dkt. No. 16.) The Court finds that this factor does not favor transfer because of New Life's delay.

### C. Public Interest Factors

#### 1. Administrative Difficulties Flowing From Court Congestion

The Southern District of Florida has a significantly faster average time-to-trial for civil cases in general. (Dkt. No. 16 at 9.) The Eastern District of Texas has a slightly faster average time-to-trial for patent cases in general. (Dkt. No. 89-9 at 2.) The Court finds that the time necessary to prepare this case for trial is not clear. Therefore, the Court finds that this factor is neutral as to transfer.

#### 2. Local Interest in Having Localized Interests Decided at Home

New Life contends that the residents of the Southern District of Florida have a greater interest in this case because the "lawsuit [] calls into question the activities of [New Life's] personnel residing and doing business within the Southern District of Florida." (Dkt. No. 16 at 8.) Gonzalez responds by stating that the residents of the Eastern District of Texas have an interest in this case because "nearly 150 of [New Life's] registered users are located in this District." (Dkt. No. 89 at 9.)

The residents of the Southern District of Florida have a greater interest in resolving this dispute. New Life is based in the Southern District of Florida and has shown that significantly

more users of the Accused Website are located in the Southern District of Florida. (*See* Dkt. No. 89-6 at 7-8.)

3. **Familiarity of the Forum With the Law that Will Govern the Case; Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law**

The parties agree these factors are neutral as to transfer. (Dkt. No. 16 at 9; Dkt. No. 89 at 9.)

## CONCLUSION

Two factors weigh against transfer and two factors weighs in favor of transfer. The remaining factors are neutral. A motion to transfer venue should be granted only when the moving party shows that one venue is "clearly more convenient" than another. *In re Nintendo Co.*, 589 F.3d at 1197; *In re Genentech, Inc.*, 566 F.3d at 1342 (Fed. Cir. 2009). The Court has considered the evidence as a whole and finds that New Life has not shown that this case should be transferred to the Southern District of Florida. Defendant New Life Ventures, Inc.'s Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (Dkt. No. 16) is **DENIED**.

**SIGNED this 25th day of January, 2016.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE